Robert B. Acciani - 0096025<br>
Attorney for Plaintiff

## COURT OF COMMON PLEAS
## CIVIL DIVISION
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| **NICK MONTGOMERY**<br>15 W 12th Street, Apartment 205<br>Cincinnati, Ohio 45202-7205 | : <br> : <br> : <br> : | Case #: |
| Plaintiff | : <br> : | |
| vs. | : <br> : | Judge: |
| **NUMOTION**<br>Serve: United Seating and Mobility, LLC<br>975 Hornet Drive, Suite 250<br>Hazelwood, Missouri 63042 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| **UNITED SEATING AND MOBILITY, LLC**<br>Serve: CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219 | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| **OHIO DEPARTMENT OF MEDICAID**<br>SERVE: Robert Byrne<br>30 East Broad Street, 14th Floor<br>Columbus, Ohio 43215 | : <br> : <br> : <br> : <br> : | |
| Defendants | : | |

### FIRST CAUSE OF ACTION

1. At all times material herein, Defendants Numotion and United Seating and Mobility, LLC were corporations registered with the Secretary of State of Ohio and licensed to and doing business within the State of Ohio, in Hamilton County, Ohio.

2.     On or about March 28, 2022, Defendant Defendants Numotion and United Seating and Mobility, LLC were operating as a for profit businesses.

3.     At all times relevant, Plaintiff is and was mobility disabled and requires a wheelchair or other similar device to get around.

4.     Defendant Numotion and or United Seating provided a wheelchair to Plaintiff as a temporary rental while Defendant Numotion attempted to fix Plaintiff's permanent mobilty device which was a power wheelchair that Numotion or United Seating and Mobility had originally supplied to Plaintiff.

5.      At all relevant times, Defendant Numotion provided Plaintiff with a defective temporary rental wheelchair.

6.     At all relevant times, Defendant United Seating and Mobility provided Plaintiff with a defective temporary rental wheelchair.

7.     The temporary rental wheelchair was missing pieces to secure the arm rests and the seat.

8.     At all relevant times, Defendant Numotion knew the chair was defective and missing pieces and was a hazard to Plaintiff.

9.     At all relevant times, Defendant United Seating and Mobility knew the chair was defective and missing pieces and was a hazard to Plaintiff.

10.    On or about March 28, 2022, Plaintiff fell out of the temporary rental wheelchair that was provided to Plaintiff because it was missing pieces, did not work properly and was defective.

11.    At all times relevant hereto, Defendants Numotion and Universal Seating and Mobility had a duty to inspect the wheelchair that was provided to Plaintiff temporarily and to make sure that wheelchair was safe and free from unreasonably dangerous and/or defective conditions

which it knew or should have known posed an unreasonable risk of harm to persons such as Plaintiff.

12. On or about March 28, 2022, Defendants Numotion and Universal Seating and Mobility negligently failed to ensure that the wheelchair provided to Plaintiff temporarily was safe and free from all dangerous conditions, and defects.

13. On or about March 28, 2022, Defendants Numotion and Universal Seating and Mobility breached its duty of care by failing to inspect the wheelchair provided to Plaintiff temporarily for any dangerous conditions, defects or missing pieces that were discoverable by Defendants.

14. On or about March 28, 2022, Defendants Numotion and Universal Seating and Mobility had failed to correct a known and dangerous condition or defect of the wheelchair provided to Plaintiff temporarily, which Defendants knew, or should have known, existed.

15. On or about March 28, 2022, Defendants Numotion and Universal Seating and Mobility through its agents or employees failed to warn or otherwise notify Plaintiff of a dangerous condition or defect of the wheelchair temporarily provided to Plaintiff, which Defendants knew, or should have known, existed.

16. On or about March 28, 2022, Defendants Numotion and Universal Seating and Mobility through its agents or employees created an unreasonable and dangerous condition or defect on the wheelchair temporarily provided to Plaintiff.

17. As a direct and proximate result of Defendants Numotion and Universal Seating and Mobility, LLC 's negligence, On March 28, 2022, Plaintiff fell from the wheelchair that was temporarily provided onto the ground as he was simply attempting to open his apartment door and suffered an injury.

18. As a direct and proximate result of the carelessness and negligence of Defendants Numotion and Universal Seating and Mobility, LLC, Plaintiff has suffered temporary and permanent bodily injuries, has endured pain and suffering and will continue to do so in the future, has incurred medical expenses in an undetermined amount and will continue to do so in the future; and has lost the use and enjoyment of good health.

19. Defendant Ohio Department of Medicaid has paid for medical expenses incurred by Plaintiff and related to and as a result of the negligence of other Defendants Numotion and Universal Seating and Mobility, LLC.

20. Defendant Ohio Department of Medicaid claims a subrogated interest in this lawsuit as a result of paying for medical expenses incurred by Plaintiff as a result of the negligence of Defendants Numotion and Universal Seating and Mobility, LLC.

21. Defendant Ohio Department of Medicaid shall set forth its subrogated interest or forever be barred from bringing any such claim in the future.

**WHEREFORE** Plaintiff demands for judgment against Defendants Numotion and Universal Seating and Mobility, LLC, jointly and severally, in an undetermined amount in excess of $25,000.00 (Twenty-Five Thousand Dollars), prejudgment interest to be determined by the Court plus costs and all other relief to which she may be entitled. In addition, Plaintiff requests that Defendant Ohio Department of Medicaid set forth it's subrogated claim or forever be barred.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

*/s/ Robert Acciani*

Robert B. Acciani - 0096025
Attorney for Plaintiff
600 Vine Street Suite 1600
Cincinnati, Ohio 45202
Phone: 513-842-1952
Email: bba@oal-law.com